UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSCAR VALLE,
                  Plaintiff,

-v-

CAROLYN COLVIN, *Acting Commissioner of Social Security*,
                  Defendant.

13-CV-2876 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

In this action challenging the denial of Plaintiff's application for Social Security benefits, Plaintiff's counsel Charles E. Binder seeks attorney's fees under the Social Security Act, 42 U.S.C. § 406(b). For the reasons set forth below, the Court awards attorney's fees to Binder in the amount of $23,969.88.

**I.    Background**

On May 16, 2011, Plaintiff Oscar Valle filed an application for Supplemental Security Income and Social Security Disability benefits. (Dkt. No. 1 ("Compl.") ¶ 6.) Valle's application was denied, and he requested a hearing before an Administrative Law Judge ("ALJ"). (Compl. ¶ 7.) Following the hearing, the ALJ again denied Valle's application for benefits on April 13, 2012. (Compl. ¶¶ 8–9.) Valle petitioned the Appeals Council for reconsideration, but his request for review was denied on March 4, 2013. (Compl. ¶¶ 10–11.)

Valle retained counsel, Charles E. Binder, on a contingency basis (Dkt. No. 25-1 at 2), and initiated an action to review the denial of his application for benefits on April 30, 2013 (Dkt. No. 1). The administrative record was filed (Dkt. No. 8), and Valle moved for judgment on the pleadings and filed his supporting legal memorandum (Dkt. Nos. 9–10). After the Commissioner of Social Security sought and received three extensions of her time to respond to Valle's motion

1

(Dkt. Nos. 11–16), the parties stipulated to a remand of the action for further administrative proceedings including a new hearing (Dkt. No. 17). The parties agreed that the Commission would pay counsel for Valle attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,282.38. (Dkt. No. 23.) However, that amount was partially offset due to an outstanding debt that Valle owed to the federal government, and counsel for Valle received only $858.97 in attorney's fees. (Dkt. No. 25 ¶ 6; Dkt. No. 25-1 at 6.)

The action was remanded to the Social Security Administration ("the Administration"), and the Appeals Council sent it back to an ALJ for a new hearing. (Dkt. No. 25 ¶¶ 7–8.) The ALJ again denied Valle's request for benefits on the merits. (Dkt. No. 25 ¶ 8.) But upon a request for review, the Appeals Council "issued a Fully Favorable decision" to Valle on September 27, 2018. (Dkt. No. 25 ¶ 8.) On March 31, 2019, the Social Security Administration issued a Notice of Award in connection with Valle's application, which indicated that the Administration withheld $23,969.88 from Valle's past due benefits for the payment of attorney's fees. (Dkt. No. 25-1 at 8, 11.)

Binder filed the instant motion for attorney's fees on April 8, 2019. (Dkt. No. 24.) In a supporting declaration, Binder represents that he spent 2.50 hours working on this case in federal court, along with 19.70 hours expended by his colleague, Daniel S. Jones. (Dkt. No. 25 ¶¶ 10–13; Dkt. No. 25-1 at 4.) Counsel for the Commissioner of Social Security filed a letter on April 22, 2019, informing the Court that Binder's motion correctly stated the amount of past-due benefits withheld by the Administration, and that the Commission did not object to an award of attorney's fees as requested. (Dkt. No. 28.)

## II. Legal Standard

Section 406(b) of the Social Security Act provides, in relevant part, that where "a court renders a judgment favorable to a claimant under this subchapter who was represented before the

court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

As the Supreme Court has held, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "[C]ourts approach contingent-fee determinations" under § 406(b) "by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness." *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 322 (S.D.N.Y. 2007) (internal quotation marks and citation omitted).

> In assessing reasonableness, courts in this District generally consider three factors:
>
> 1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called "windfall" factor.

*Id.* (internal quotation marks omitted) (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)); *see, e.g.*, *Baron v. Astrue*, 311 F. Supp. 3d 633, 636 (S.D.N.Y. 2018); *Rodriguez v. Colvin*, 318 F. Supp. 3d 653, 657–58 (S.D.N.Y. 2018).

## III. Discussion

In this case, Binder seeks an attorney's fees award under § 406(b) of $23,969.88. (Dkt. No. 26 at 2.) That amount represents 25% of Valle's past-due Social Security benefits that were awarded after remand to the Administration (*id.*), which is the percentage of fee provided for in the contingency agreement between Valle and Binder (Dkt. No. 25-1 at 2).

The Court concludes that the first two factors weigh in favor of approving the requested amount of fees. The attorneys who handled this case, Binder and Jones, have extensive experience and expertise in the area of Social Security disability appeals. (Dkt. No. 25 ¶¶ 11, 13.) They provided skilled and effective representation in this action, which involved writing "a detailed and extensive memorandum of law outlining cogent arguments for a remand" that ultimately prompted the Commissioner to stipulate to a remand and "achieved the greatest possible success for the claimant." *Baron*, 311 F. Supp. 3d at 636. Furthermore, "[c]ounsel did not engage in any delay of the proceedings that might have artificially increased past-due benefits and thus the potential attorney fee award." *Id.* While the Commissioner required four extensions during the course of the action before ultimately agreeing to remand (Dkt. Nos. 3, 11, 13, 15), Binder did not seek any.

As is often the case in motions for attorney's fees under § 406(b), however, the third factor requires more scrutiny. To determine whether the award constitutes an impermissible windfall under the third factor, courts consider:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Blizzard*, 496 F. Supp. 2d at 323 (quoting *Joslyn*, 389 F. Supp. 2d at 456–57); *see Rodriguez*, 318 F. Supp. 3d at 658. In addition, courts must also "consider whether the claimant's past due benefits are 'large in comparison to the amount of time counsel spent on the case.'" *Blizzard*, 496 F. Supp. 2d at 323 (quoting *Gisbrecht*, 535 U.S. at 808.)

The first three of these considerations also favor approving the request for attorney's fees. Counsel's efforts were particularly successful here, because they contributed to the

Commissioner's ultimate decision to stipulate to a remand before briefing had been completed. (Dkt. No. 17.) The arguments made in support of Valle's motion for judgment on the pleadings were detailed, specifically tailored to the administrative record of this case, and well-supported by legal research. (*See* Dkt. No. 10 at 6–13.) And counsel efficiently marshaled their substantial experience in this case by researching and drafting their legal memorandum and securing a remand in only 22.20 hours of effort. (Dkt. No. 25-1 at 4.)

The final relevant consideration requires courts to assess whether the effective hourly rate that an award would produce is unreasonably high in light of the context of the case and the role of contingency fee arrangements in social security appeals. *See, e.g.*, *Nieves v. Colvin*, No. 13 Civ. 1439, 2017 WL 6596613, at *2–3 (S.D.N.Y. Dec. 26, 2017); *Blizzard*, 496 F. Supp. 2d at 324–25. In doing so, courts are mindful that "[d]eference should be given . . . to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Joslyn*, 389 F. Supp. 2d at 456 (second omission in original) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). Accordingly, "'a reduction in the agreed-upon contingency amount should not be made lightly,' particularly given 'the importance of encouraging attorneys to accept social security cases on a contingency basis.'" *Rodriguez*, 318 F. Supp. 3d at 658 (quoting *Blizzard*, 496 F. Supp. 2d at 325).

Here, Binder estimates that the requested award "would result in a *de facto* hourly rate of approximately $1,079.72 an hour." (Dkt. No. 26 at 2.) Though certainly high, that number is the product of competent and efficient advocacy, which should not be held against counsel in their request for fees. *See Maier v. Apfel*, No. 95 Civ. 9264, 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998) ("The plaintiff's counsel should not be penalized for working efficiently on the case as

5

compared to other attorneys who might have taken longer to perform the same work and whose corresponding hourly rate would be lower due to their lack of experience and productivity."). In addition, Valle's case was "not a sure winner," *Baron*, 311 F. Supp. 3d at 637, as evidenced by the fact that the ALJ denied Valle's application for benefits twice before the Appeals Council finally reversed course on his second request for reconsideration on the merits (Dkt. No. 25 ¶¶ 2, 8). And the hourly rate that would result from the award Binder seeks under § 406(b) is within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit. *See, e.g.*, *Mills v. Berryhill*, No. 15 Civ. 5502, 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) ($1,007.78); *Eric K. v. Berryhill*, No. 15 Civ. 845, 2019 WL 1025791, at *3 (N.D.N.Y. Mar. 4, 2019) ($1,500); *Nieves*, 2017 WL 6596613, at *2 ($1,009.11); *Kazanjian v. Astrue*, No. 09 Civ. 3678, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) ($2100); *Briem v. Barnhart*, No. 05 Civ. 6219, 2006 WL 3374955, at *1 (W.D.N.Y. Nov. 17, 2006) ($1,300).

The Court thus concludes that the award of attorney's fees sought is reasonable in the context of this case and does not constitute an impermissible windfall to counsel. Accordingly, Binder's motion for $23,969.88 in attorney's fees is granted, provided that Binder refunds to Valle the amount of the EAJA award previously received. *See Rodriguez*, 318 F. Supp. 3d at 658 ("Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (alteration in original) (quoting *Gisbrecht*, 535 U.S. at 796)).

**IV.    Conclusion**

For the foregoing reasons, the motion of Plaintiff's counsel for attorney's fees under § 406(b) is GRANTED.

compared to other attorneys who might have taken longer to perform the same work and whose corresponding hourly rate would be lower due to their lack of experience and productivity."). In addition, Valle's case was "not a sure winner," *Baron*, 311 F. Supp. 3d at 637, as evidenced by the fact that the ALJ denied Valle's application for benefits twice before the Appeals Council finally reversed course on his second request for reconsideration on the merits (Dkt. No. 25 ¶¶ 2, 8). And the hourly rate that would result from the award Binder seeks under § 406(b) is within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit. *See, e.g.*, *Mills v. Berryhill*, No. 15 Civ. 5502, 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) ($1,007.78); *Eric K. v. Berryhill*, No. 15 Civ. 845, 2019 WL 1025791, at *3 (N.D.N.Y. Mar. 4, 2019) ($1,500); *Nieves*, 2017 WL 6596613, at *2 ($1,009.11); *Kazanjian v. Astrue*, No. 09 Civ. 3678, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) ($2100); *Briem v. Barnhart*, No. 05 Civ. 6219, 2006 WL 3374955, at *1 (W.D.N.Y. Nov. 17, 2006) ($1,300).

The Court thus concludes that the award of attorney's fees sought is reasonable in the context of this case and does not constitute an impermissible windfall to counsel. Accordingly, Binder's motion for $23,969.88 in attorney's fees is granted, provided that Binder refunds to Valle the amount of the EAJA award previously received. *See Rodriguez*, 318 F. Supp. 3d at 658 ("Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (alteration in original) (quoting *Gisbrecht*, 535 U.S. at 796)).

**IV.    Conclusion**

For the foregoing reasons, the motion of Plaintiff's counsel for attorney's fees under § 406(b) is GRANTED.

It is hereby ORDERED that attorney's fees are granted in the amount of $23,969.88. Upon receipt of this sum, counsel for Plaintiff shall refund the previously awarded EAJA fees of $858.97 directly to Plaintiff.

The Clerk of Court is directed to close the motion at Docket Number 24.

SO ORDERED.

Dated: May 15, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge